UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TYRONE and KATHY BELLA, on Behalf of<br>their son H.B., a minor and Individually<br>on their own behalf | CIVIL ACTION |
| VERSUS | NO. 11-2614 |
| TERREBONNE PARISH SCHOOL BOARD, ET AL | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendants Terrebonne Parish School Board, Martin Phillip, Carol Davis, M. Torbert, J. Martin, and D. Dillard (Rec. Doc. 52). Having carefully considered the parties' supporting and opposing submissions, and applicable law, **IT IS ORDERED**, that the motion is **GRANTED**, and that Plaintiffs' claims against the movants are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiffs' claims arise out of injuries that Plaintiff H.B., a minor, suffered as a result of being involved in a fight at his school. Plaintiffs seek monetary and injunctive relief under federal and Louisiana state law. Defendant Torbert is the school principal; Defendants Martin and Dillard are assistant principals. According to Plaintiffs, Defendant Phillip is the school superintendent; Defendant Davis is a school district assistant superintendent. The Court refers to these defendants, collectively, as the "school defendants."

## LAW AND ANALYSIS

### I.  Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows  that there is no genuine dispute as to any material fact and the movant  is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See* Fed. R. Civ. P. 56(c);  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.

2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment.  *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").  Thus, the nonmoving party  should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.  *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."  *Little,* 37 F.3d at 1075.  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.  *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.  Application of Legal Principles

Applying the foregoing legal principles here, the Court finds that Defendants Terrebonne Parish School Board, Martin Phillip, Carol Davis, M.  Torbert, J.  Martin, and D. Dillard have met their burden, under Rule 56(a) and (c) of demonstrating that the record evidence submitted in this matter contains insufficient proof concerning essential elements of Plaintiffs' claims, and that they are entitled to judgment as matter of law.  On the other hand, Plaintiffs have not satisfied their own burden, under Rule 56(c), to cite to particular record documents demonstrating the existence of a genuine dispute as to material facts.  Indeed,  Plaintiffs' belatedly submitted opposition to the school defendants' motion provides nothing more than conclusory statements, argument by counsel, and references to assertions in Plaintiffs' complaint for which no evidentiary support is provided.  And, at this juncture of the proceeding, less than six weeks prior to the November 5th trial date, the Court will not speculate or assume that requisite evidence exists to support Plaintiffs' claims.  Accordingly, on the showing made, the motion presently before the Court is granted.

New Orleans, Louisiana, this 26th day of September 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**